IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CLIFF JOHNSON, | No. CIV S-08-2167-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| ALLAN P. CARTER, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Carter, Ring, and Lindsey. Plaintiff's allegations, which are largely incoherent, consist of one paragraph as follows:

> Allen P. Carter did act/omission in concert w/ Elizabeth A. Ring a deputy District Attorney for Solano Co. and or three agents to willfully & all purposefully pin a impact set emergence, to buy influence. In producing an ex-parte colored backing from Elizabeth A. Lindsey for initial funds distributed the A.O.A. trust office across the street from court house. For the principled all harry purpose to prompt to lie, misrepresent my behalf & color heavily. To procure influence to receive wardship via fraud, copyright infringement lies & breach of contract. To negotiate through a lawyer directed to take part by Elizabeth A. Ring to lead Elizabeth L. Lindsey to a sub par below merit applicable funds to merit of the case. Also to hide & or destroy evidence, that had been a part of initial Federal litigation, I.E., DVD, etc., etc., etc. In conspiracy of countless other complex yet unnamed parts. To set me up in my criminal proceedings then this illicit display of power.

## II. DISCUSSION

The "allegations" are totally nonsensical and incomprehensible to the point of being frivolous. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). When applied to a complaint, the term "frivolous" embraces both the inarguable legal conclusion and the fanciful factual allegation. See Neitzke, 490 U.S. at 325.

The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.  The court need not accept the allegations in the complaint as true, but must determine whether they are fanciful, fantastic, or delusional.  See Denson v Hernandez, 504 U.S. 25, 33 (1992) (quoting Neitzke, 490 U.S. at 328).  Finally, a complaint may be dismissed as frivolous if it merely repeats pending or previously litigated claims.  See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

The court cannot discern any constitutional violation from plaintiff's complaint. Rather, it appears that the "allegations" are delusional.  However, in the interest of justice, the court will provide plaintiff one opportunity to amend the complaint to coherently allege facts which demonstrate that a constitutional violation has occurred.  In doing so, plaintiff should keep the following general principle in mind.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

/ / /

/ / /

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

/ / /

/ / /

1   Accordingly, IT IS HEREBY ORDERED that:
2       1.   Plaintiff's complaint is dismissed with leave to amend; and
3       2.   Plaintiff shall file a first amended complaint within 30 days of the date of
4 service of this order.

DATED: October 28, 2008

                                       **CRAIG M. KELLISON**
                                       UNITED STATES MAGISTRATE JUDGE